UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: DIRECT SOUTHWEST, INC.,
FAIR LABOR STANDARDS ACT     CIVIL ACTION
(FLSA) LITIGATION

NO: 08-1984-MLCF-SS

## ORDER

PLAINTIFFS' MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY (Rec. doc. 38)

**GRANTED IN PART AND DENIED IN PART**

DSI'S MOTION FOR PROTECTIVE ORDER (Rec. doc. 37)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned are the motion of the plaintiffs for sanctions and the motion of the defendant, DirecTech Southwest, Inc. ("DSI"), for a protective order.

## PLAINTIFFS' MOTION FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 37(b), the plaintiffs seek sanctions for the alleged failure of DSI to produce documents as ordered by the District Judge and an order requiring it to produce documents and respond to interrogatories.

A.     Background.

On February 23, 2007, four persons, including Renee Melson, filed a complaint against DSI for relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 and 216(b) alleging that they were not paid overtime and were required to under-record their time in violation of the FLSA. They sought to proceed as a collective action. CA 07-1087-Rec. doc. 1. On September 7, 2007,

they served written discovery. Id. at Rec. doc. 45 at 2. On January 17, 2008, they filed a motion to compel. Id. at Rec. docs. 45 and 63. The parties narrowed the discovery issues to two interrogatories and one category from a document request. The motion was denied without prejudice. The discovery issues were deferred until after a ruling on plaintiffs' request that the case be conditionally certified.[1] Id. at Rec. doc. 63. On June 25, 2008, the District Judge granted plaintiffs' motion to certify the action as a collective action. Id. at Rec. doc. 82.

On October 8, 2008, DSI's request to the Panel on Multi-District Litigation for consolidation of pretrial proceedings was granted. Actions pending in Tennessee and Texas were transferred to this district and consolidated. Rec. doc. 1. On October 16, 2008, DSI filed a motion for summary judgment. Rec. doc. 4. On October 20, 2008, plaintiffs filed a second request for production of documents and a second set of interrogatories. Rec. doc. 38 (Exhibits E and F).

On February 6, 2009, the District Judge held a status conference. Rec. doc. 21. The parties prepared stipulations in accord with the conference, which were incorporated into a March 3, 2009 order. The pertinent stipulations are as follows:

1. Plaintiffs' response to the defendant's motion for summary judgment is held in abeyance until 14 days from the close of discovery related to defendant's motion.

2. Defendant is to respond to discovery already served related to the summary judgment topics no later than 14 days from the date this stipulation is Ordered.

3. Defendant's motion and all discovery previously served shall be deemed to apply to all MDL cases herein.

5. The stipulated Protective Order entered in the matter entitled Melson v. DirecTech Southwest, Inc., 07-1087 (E.D.La.) shall be entered in and applied to the instant matter.

---

[1] DSI contends that this order resolved all issue with respect the plaintiffs' motion to compel. Rec. doc. 48 at 5. It did not. The plaintiffs' motion was denied without prejudice.

2

Rec. doc. 25. On March 25, 2009, the District Judge granted the plaintiffs through June 11, 2009 to conduct discovery to respond to the motion for summary judgment. Rec. doc. 35.

On April 2, 2009, DSI filed its motion for a protective order. Rec. doc. 37. On April 3, 2009, the plaintiffs filed their motion for sanctions and to compel discovery. Rec. doc. 38. On April 8, 2009, the motions were referred to the undersigned. Rec. doc. 41.

B.  Plaintiffs' September 7, 2007 written discovery.

The plaintiffs contend that: (1) DSI did not timely object to the September 7, 2007 discovery; (2) its responses were completely inadequate; (3) DSI improperly limited its responses to opt-in plaintiffs; (4) DSI agreed to produce documents but left it unclear as to when and if such production would be completed; (5) DSI failed to conduct a search for responsive electronically stored information ("ESI"); (6) it failed to produce documents in original ESI format; and (7) it redacted information. The undersigned interprets the March 3, 2009 order as limited to the second set of written discovery which was served on October 20, 2008 in response to DSI's motion for summary judgment. The plaintiffs' request for relief on the September 7, 2007 written discovery will be denied without prejudice to plaintiffs' right to move to compel responses to all of the September 7, 2007 written discovery if DSI's motion for summary judgment is denied.

C.  DSI's motion for summary judgment.

DSI's motion is based on two exemptions. First, it contends that: (1) technicians employed by it were exempt from the overtime requirements of the FLSA until the August 10, 2005 enactment of SAFETEA-LU; (2) the source of the exemption was The Motor Carrier Act Exemption, 49 U.S.C. § 31502; (3) on June 6, 2008, the SAFETEA-LU Technical Corrections Act of 2008 ("Corrections Act") became law; (4) the Corrections Act reinstated the law prior to the enactment of SAFETEA-

3

LU; and (5) the Corrections Act precludes any liability to plaintiffs for the failure to pay overtime. Rec. doc. 4. at 1-2. The plaintiffs seek information they contend is relevant to this exemption, including: (1) DSI's knowledge of SAFETEA-LU; (2) its lobbying activities for the repeal or amendment of SAFETEA-LU; and (3) applicability of the exemption at various dates.

The second exemption is based on 29 U.S.C. § 207(i) which is applicable to commissioned employees working in a retail or service establishment. DSI acknowledges that three requirements must be met for this exemption: (1) the employee must work in a "retail or service establishment;" (2) the employee must earn more than 1.5 times the minimum wage; and (3) more than half of the employee's compensation must be from commissions. Rec. doc. 4 at 2. The plaintiffs cite regulations and other authorities to demonstrate that: (1) a retail or service establishment must engage in the making of sales of goods or services; (2) 75 percent of its sales of goods or services, must be recognized as retail in the particular industry; (3) not over 25 percent of its sales of goods or services may be sales for resale; and (4) "establishment" must be a place where sales of products or services are made to members of the general public. Rec. doc. 38 at 9-13. Plaintiffs also raise issues concerning DSI's source of revenues, the amount of hours worked by plaintiffs, and whether they are paid a job or piece rate instead of a commission.

D.    General issues concerning plaintiffs' second set of written discovery.

    1.    Bates numbering.

The parties do not indicate whether documents produced this in litigation are Bates numbered. **All documents produced in this litigation shall be Bates numbered. If plaintiffs or DSI produced any documents which are not Bates numbered, within ten (10) working days of the entry of this order the documents shall be Bates numbered and produced to opposing**

**counsel.**   2.   Plaintiffs.

The plaintiffs contend that DSI was required to respond for all opt-in plaintiffs. They report that DSI provided information on only three of the named plaintiffs in the Melson action. Rec. doc. 56 at 4. DSI urges that plaintiffs are not entitled to broad class-based discovery and they are not entitled to responses for all opt-in plaintiffs. It contends that its motion "involves only the four named putative class representatives." Rec. doc. 48 at 8. The motion for summary judgment urges that, because the named plaintiffs cannot serve as proper class representatives, summary judgment is appropriate for the entire matter. Rec. doc. 4 at 29.

The District Judge ordered that, "all discovery previously served shall be deemed to apply to all MDL cases herein," and DSI was "to respond to discovery already served related to the summary judgment topics. . . ." Rec. doc. 25. The order applies to the named plaintiffs in the three actions. DSI shall provide information on each of the named plaintiffs in the three actions in response to plaintiffs' second set of written discovery. It is not required to respond for all opt-ins or for an entire class.

**Within ten (10) working days of the entry of this order, DSI shall supplement its responses to plaintiffs' second set of discovery with information, including ESI, on each of the named plaintiffs in the three actions**.

3.   DSI's deadline.

DSI was required to respond by Tuesday, March 17, 2009. Rec. doc. 35. The plaintiffs contend that DSI did not produce any documents within the deadline but instead produced documents about two weeks later. Its discovery responses were not timely. DSI reports that it is still searching its server for data and documents related to the exemption issue. Rec. doc. 48 at 8;

and Rec. doc. 27 at 5. Because of the abbreviated discovery schedule, DSI must complete its search.

**Within ten (10) working days of the entry of this order, DSI shall complete its search for all information, including ESI, which is responsive to plaintiffs' second set of discovery and which was not subject to an objection by DSI.**

    4.    <u>DSI's responses did not correspond to categories</u>.

Plaintiffs report that DSI failed to comply with Fed. R. Civ. P. 34(b)(2)(E)(i), which requires that "[a] party must produce documents as they are kept in the usual course of business or <u>must</u> organize and label them to correspond to the categories in the request." <u>Id</u>.(emphasis added). DSI acknowledges that it did not comply with this requirement, but contends that plaintiffs did not raise the issue until they filed the motion. DSI's production was deficient because of its acknowledged failure to comply with Rule 34.

**Within ten (10) working days of the entry of this order, DSI shall supplement its responses to plaintiffs' second request for production for documents by complying fully with Fed. R. Civ. P. 34(b)(2)(E)(i).**

    5.    <u>Redaction of documents</u>.

Plaintiffs contends that documents were redacted. The March 3, 2009 order provided that the protective order entered in CA 07-1087 applied to the Multi-District Litigation. Rec. doc. 25. With the protective order in place, there was no basis for DSI to redact any information unless it contended that the information was protected from disclosure by the attorney-client privilege or the work-product doctrine. DSI's redaction of information was improper.

**Within ten (10) working days of the entry of this order, DSI shall supplement its responses to plaintiffs' second set of discovery and produce unredacted copies of any**

**documents which were redacted.**

      6.    <u>Information on website</u>.

DSI responded that information was available at a website. In light of the abbreviated discovery schedule, this was insufficient. DSI was required to deliver the information to the plaintiffs.

**Within ten (10) working days of the entry of this order, DSI shall supplement its responses to plaintiffs' second set of discovery and deliver to counsel for the plaintiffs any information DSI contends is responsive to plaintiffs' discovery which DSI reported could be found on a website.**

      7.    <u>ESI</u>.

The issue of the production of ESI is not ripe for ruling.

In their memorandum in support of the motion for sanctions, the plaintiffs state "defendant has not complied with rules governing electronically store [sic] information ("ESI") and has provided plaintiffs only with PDFs that cannot be manipulated and which are out of compliance with Fed. R. Civ. P. 34(b)(2)(E)(ii)." Rec. doc. 38 at 8. DSI responded that it produced information concerning hours worked by the plaintiffs with details on their activities. It stated that the information was produced in an Excel format which could be searched and manipulated. Rec. doc. 48 at 5. In their reply memorandum the plaintiffs indicated that they received some information on some of the named plaintiffs in an electronic format. Rec. doc. 56 at 8-9. In a letter, dated April 23, 2009, counsel for plaintiffs report that the statement in the original memorandum was made in error.[2]

The reply memorandum describes fourteen categories of ESI information which plaintiffs

---

[2] A copy of the letter has been filed in the record.

contend is relevant to the motion for summary judgment. Some of these categories seek information on opt-ins. At this stage, discovery is limited to the named plaintiffs in the three actions. After the parties comply fully with L.R. 37.1, the plaintiff may renew, on an expedited basis, their motion to compel ESI responsive to these categories.

E.  Particular issues concerning plaintiffs' second set of written discovery.

The parties did not comply with L.R. 37.1 before plaintiffs filed their motion to compel. They contend they attempted to schedule such a conference, but DSI refused. This is disputed by DSI. L.R. 37.1 applies to any motion relative to discovery. It requires that the parties confer in person or by telephone. An exchange of letters or e-mails is not sufficient. During the conference the parties must confer thoroughly on each discovery request that will be the subject of the mover's discovery motion.

The undersigned is unable to rule on the specific discovery requests. After the parties fully comply with L.R. 37.1, the plaintiffs may file a further motion to compel, on an expedited basis, which addresses the issues remaining with particular discovery requests. The parties will address the remaining issues on a request by request basis detailing any remaining dispute.

F.  Relief on plaintiffs' motion for sanctions.

1. **Within ten (10) working day of the entry of this order**, the parties shall comply with the requirement that all documents produced in this litigation be Bates numbered.

2. **Within ten (10) working days of the entry of this order**, DSI shall supplement its responses to plaintiff's second set of written discovery as provided herein.

3. The plaintiff's request for monetary sanctions is deferred until the resolution of the

8

ESI issue and plaintiffs' issues with respect to particular discovery requests.

4. The plaintiffs' request for an order of contempt is denied.

5. The undersigned is without authority to strike DSI's defenses.

## DSI'S MOTION FOR PROTECTIVE ORDER

On March 27, 2009, the plaintiffs served a notice of deposition, pursuant to Fed. R. Civ. P. 30(b)(6), regarding E-discovery. Rec. doc. 37 (Exhibit A). In "Mourdad K. Liaichev v. JBM, Inc.," 07-802 in the Southern District of Ohio, the plaintiffs served an identical deposition notice. Rec. doc. 55 (Exhibit 1). Counsel for the plaintiffs is the same in both case. DSI describes JBM, Inc. as another DirecTech entity. It reports that both cases involve unpaid overtime claims, and on January 6, 2009, an information technology ("IT") person was deposed in the Ohio litigation. Rec. doc. 55 at 2. The plaintiffs report that the deposition in the Ohio litigation confirmed the existence of certain records. Rec. doc. 51 at 11. They urge that until DSI is deposed, it will not be possible to determine the difference between DSI's data and the data available from JBM, Inc. With the limited amount of time available for discovery in this case and the information from the IT deposition in the Ohio litigation, it is not necessary for plaintiffs to proceed with a deposition regarding E-discovery in this case.

**Within ten (10) days of the entry of this order, DSI shall certify that the testimony from the information technology person who was deposed in the JBM litigation is entirely applicable to DSI. If DSI cannot make this certification, then within ten (10) working days of the entry of this order it shall produce persons who consent to testify on its behalf to all of the categories in the March 27, 2009 notice of deposition regarding E-discovery**.

IT IS ORDERED that: (1) plaintiffs' motion for sanctions (Rec. doc. 38) is GRANTED in

9

PART and DENIED in PART as provided herein; and (2) DSI's motion for protective order (Rec. doc. 37) is GRANTED in PART and DENIED in PART.

New Orleans, Louisiana, this 29th day of April, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**