# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**IN RE: DIRECT SOUTHWEST, INC.,
FAIR LABOR STANDARDS ACT
(FLSA) LITIGATION**

**CIVIL ACTION**

**NO: 08-1984-MLCF-SS**

## ORDER

DEFENDANTS' MOTION FOR RECONSIDERATION (Rec. doc. 140)

**DENIED**

On July 8, 2009, the undersigned granted in part and denied in part the motion of DirecTech Southwest, Inc. ("DSI") for a protective order regarding plaintiffs' discovery requests for electronically stored information ("ESI"). Rec. doc. 133. The defendants, DSI, DirecTech Holding Co., Inc. ("DirecTech Holding") and DirectTV, Inc. ("DTV"), request reconsideration of one part of the order which provided that:

> The plaintiffs report that, "defendants did not supply emails concerning the named plaintiffs, their work, their hours, or their hours, or defendants' wage and hour policies and practices, even though such documents were specifically requested." Rec. doc. 124 at 7. The plaintiffs report that this occurred because of the defendants' decision to limit the search terms in their query. The plaintiffs report that, although they supplied a search term list, the defendants created their own list. Id. DSI responds that: (a) it recently conducted a further search regarding items which plaintiffs have most recently contended are relevant; (b) the search produced some additional documents; and (c) they were produced to the plaintiffs. It is not clear from DSI's memorandum whether the defendants conducted a search using all of the terms on plaintiffs' search term list. The request for an order regarding category no. 1 is granted.

> Within ten (10) working days: (a) DSI and the other defendants shall certify that they conducted a complete search using the terms found on plaintiffs' search term list; (b) all documents identified by such search which were not previously

produced shall be produced within this deadline; and (c) DSI and the other defendants shall provide a privilege log for any documents withheld from the production.

Rec. doc. 133 at 2-3 (footnote omitted).

The issue is whether the defendants are required to make a search using terms supplied by the plaintiffs (see Rec. doc. 140 at 4-6 for plaintiff's list) or defendants' proposed list (Id. at 8-9). The defendants contend that plaintiffs' list will produce many false hits and require them to incur costs of $100,000 to produce the ESI.[1]

The defendants cite <u>William A. Gross Construction Associates, Inc. v. American Manufacturers Mutual Insurance Company</u>, 256 F.R.D. 134 (S.D.N.Y. 2009), where the court said the decision "should serve as a wake-up call to the Bar in this District about the need for careful thought, quality control, testing, and cooperation with opposing counsel in designing search terms or 'keywords' to be used to produce emails or other electronically stored information. . . ." <u>Id</u>. The court described the case as:

> [T]he latest example of lawyers designing keyword searches in the dark, by the seat of the pants, without adequate (indeed, here, apparently without any) discussion with those who wrote the emails.

<u>Id</u>. at 135. After reviewing some of the cases and commentators discussing the issue, the court said "the best solution in the entire area of electronic discovery is cooperation among counsel," and cited *The Sedona Conference Cooperation Proclamation*. <u>Id</u>. at 136. The undersigned echos this statement. Unfortunately counsel are not able to reach agreement on the search terms.

There are significant issues with keyword searches.

Keyword searches work best when the legal inquiry is focused on finding

---

[1] Most of this cost is for paralegals and attorneys to review the documents to determine whether they are protected from disclosure by the attorney-client privilege or the work-product doctrine.

particular documents and when the use of language is relatively predictable. For example, keyword searches work well to find all documents that mention a specific individual or date, regardless of context.

Scheindlin and Capra-The Sedona Conference, *Electronic Discovery and Digital Evidence*, (West 2009) ("Scheindlin"), p. 229. "Keyword searches identify all documents containing a specified term regardless of context, and so they can possibly capture many documents irrelevant to the user's query." Scheindlin at 230.

The lists proposed by the defendants and plaintiffs reflect two different approaches. The defendants' list focuses on the named plaintiffs and the words "policies" and "practices." The plaintiffs' list ignores the named plaintiffs and uses a much more detailed list of terms. The plaintiffs argue that their search list is required because the defendants' motion for summary judgment is based on the retail service exemption, 29 U.S.C. § 207(i) and it raises "virtually all aspects of defendants' business. . . ." Rec. doc. 164 at 2. The undersigned is persuaded that the plaintiffs' list is more appropriate to the discovery required to respond to defendants' motion for summary judgment.

The deadline for the plaintiffs to conduct discovery to respond to defendants' motion for summary judgment was July 2, 2009. Rec. doc. 90. The July 8, 2009 discovery order stated that:

> Based on the July 2, 2009 discovery deadline, the plaintiffs' request for further discovery is not timely. In the interest of judicial economy, the issue of whether defendants should be required to provide further discovery on the eight categories identified by the plaintiffs will be resolved. Deadlines for the production of the discovery will be set. This shall not be interpreted as an extension of the July 2, 2009 discovery deadline. DSI and the other defendants may object to this order on the ground that the deadline for completion of discovery has expired and the plaintiffs may request that the District Judge grant a further extension. **The decision to permit further discovery beyond the July 2, 2009 deadline remains with the District Judge.**

Rec. doc. 133 at 2 (emphasis added) Nothing in this order alters this statement. The issue raised

by this motion should have been resolved at the beginning of the discovery process and not at the end.

IT IS ORDERED that: (1) the defendants' motion for reconsideration (Rec. doc. 140) is DENIED; and (2) **within ten (10) working days of the entry of this order**, the defendants shall comply with the provisions of the July 2, 2009 order using the search terms provided by plaintiffs.

New Orleans, Louisiana, this 7th day of August, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**

cc: Judge Feldman